**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLAUDAH DUMAS; and T.S., a minor,<br><br>          Plaintiffs,<br>   vs.<br>SUNVIEW PROPERTIES; and WILLIAM R. TURPIN,<br><br>          Defendants. | CASE NO. 13cv1425 WQH (WMC)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendants Sunview Properties and William R. Turpin. (ECF No. 8).

**BACKGROUND**

On June 18, 2013, Plaintiff Olaudah Dumas and Plaintiff T.S. Dumas, a minor, by and through his *Guardian Ad Litem* Olaudah Dumas, initiated this action by filing a Complaint in this Court against Defendants Sunview Properties and William R. Turpin ("Defendants"). (ECF No. 1). Plaintiffs allege that Defendants discriminated against families with children in the operation of the apartments located at 4953 Trojan Avenue, San Diego, California ("the Trojan Apartments"). *Id*. at 1. The Complaint alleges causes of action for: (1) violations of the Fair Housing Act, 42 U.S.C. §§ 3604(b), (c), and 3617; (2) violations of the California Fair Employment and Housing

1  Act ("FEHA"), California Government Code §§ 12955(a), (c), (d), and 12955.7; (3)
2  violations of the California Unruh Civil Rights Act ("Unruh Act"), California Civil
3  Code §51 *et seq.*; (4) unfair business practices in violation of California Business &
4  Professions Code § 17204; and (5) negligence.  The Complaint asserts that the Court
5  has jurisdiction over the Fair Housing Act claim pursuant to 28 U.S.C. § 1331, and
6  jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 *et seq. Id.*
7  ¶ 2.

8  On October 28, 2013, Defendants filed the Motion to Dismiss.  (ECF No. 8).
9  Defendants assert that the Complaint does not state a claim for violation of the Fair
10 Housing Act because the alleged incidents of discrimination "involve application of
11 facially neutral and generally applicable rules of housing behavior...." (ECF No. 8-1
12 at 6).  Defendants contend that "because the Complaint does not describe a federal
13 controversy substantial enough to invoke federal jurisdiction, Plaintiffs' remaining state
14 law claims also fail as a matter of law." *Id*. at 6.

15 November 18, 2013, Plaintiffs filed the Opposition.  (ECF No. 9).  Plaintiffs
16 contend that the Complaint states a claim for violation of the Fair Housing Act that is
17 plausible on its face.  *Id*. at 6-16.  Plaintiffs further contend that because they have
18 stated a federal cause of action under the Fair Housing Act, the Court has supplemental
19 jurisdiction to hear the related state law claims.  *Id*. at 17.

20 On November 25, 2013, Defendants filed the Reply, arguing that the Complaint
21 "fails to create a justiciable controversy under the [Fair Housing Act], and as a result,
22 fails to state a claim that is plausible on its face." (ECF No. 11 at 7).

### ALLEGATIONS OF THE COMPLAINT

24 On or about August 15, 2006, Plaintiff Olaudah Dumas entered into a lease with
25 Defendants for 4953 Trojan Avenue ("the Trojan Apartments"), Apartment L, San
26 Diego, California, and was provided with a copy of the rules and regulations for the
27 property (the "House Rules"). (ECF No. 1 ¶ 12).  The House Rules contain the
28 following provisions: "All kids must be supervised by an adult who will be made

responsible of [*sic*] any damage done by the kids to the building, such as destroying the plants, etc." ("Adult Supervision Rule"); and "No playing with balls, bicycles, roller blades and other toys on the property." ("No Playing Rule"). *Id.* ¶ 13. "Defendants' rules are targeted against children generally, and preclude them from engaging in recreational activity. The rules effectively prohibit children from accessing the common area of the complex. Defendants' rules have a disparate impact upon children, who are members of a protected class." *Id.*

> The Complaint alleges five separate incidents of discrimination.
>
> In or around November 2006, [P]laintiff T.S. and his two cousins walked outside of [P]laintiff Olaudah Dumas's apartment intending to ride their scooters in the common areas. The apartment manager saw them and told them that they were not permitted to ride their scooters at the complex. Ms. Dumas, who was standing beside the children, asked why the children were not permitted to play outside. The apartment manager simply stated: "Those are the rules." The children were devastated. Plaintiff T.S. went home crying, and his cousins said they were not coming back over his house because they couldn't even go outside and play. Ms. Dumas was upset, so she called the management office and asked for an explanation as to why her son could not play outside at the complex. Management simply said, "Those are the rules. It's in the contract." Ms. Dumas was still upset, but afraid of getting evicted and possibly facing homelessness, as such, she began forbidding her son from going outside to play.

*Id.* ¶ 14.

> In or around 2008, [P]laintiff T.S. and his cousin went outside to play in the common areas. Shortly thereafter the manager came to [P]laintiff Olaudah Dumas's apartment and informed T.S.'s aunt, Pamela Cruz, that children are not allowed to play outside. Ms. Dumas was at work at that time. When Ms. Dumas came home from work, Ms. Cruz informed her that the manager had come to her apartment and complained about the kids playing outside. Ms. Dumas immediately worried about being evicted, for the manager had told them already that children were not allowed to play outside in the common areas. As such, Ms. Dumas asked her son, T.S., why he had gone outside to play when he knew about the rule forbidding children from playing outside. T.S. started crying and asked why he couldn't go outside and play.

*Id.* ¶ 15.

> In or around 2011, [P]laintiff T.S. got a new electric car as a gift and he and his mom had assembled it inside the house. T.S. tried to test it out inside their apartment, but it was not working too well inside, so he and his mom decided to go outside and try it in the common areas. No sooner had T.S. sat on his new car and the manager came out and told him that he couldn't ride it in the complex and that he needed to go outside the gate on the side walk if he wanted to ride it. Ms. Dumas thus took her son out onto the sidewalk, but only for a very brief time, for she felt

> uncomfortable having him ride on the sidewalk next to a busy street. T.S. was very saddened by not being permitted to ride his new car in the common areas.

*Id.* ¶ 16.

> On or about March 28, 2013, [P]laintiff T.S. was playing in the common areas of the complex with an inflated plastic ball. Within 15 minutes, the manager, Veila, told him that he was not allowed to play with the ball in the complex. When he asked why not, Veila responded that it would disturb the neighbors. When he told his mother, she too asked Veila why he could not play with the ball, and Veila again responded that it would disturb the neighbors. As such, [P]laintiff T.S. was forced to go inside.

*Id.* ¶ 17.

> On or about May 21, 2013, [P]laintiff T.S. was in the common area of the complex talking to a five-year-old neighbor, who had a ball in his hands. The manager, Veila, saw the two children, asked them where their parents were, told them that they could not be outside playing, and then made them go inside.

*Id.* ¶ 18. During Plaintiff Olaudah Dumas's entire tenancy, Defendants "have forbidden children from playing outside altogether." *Id.* ¶ 19.

## ANALYSIS

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## II.    Fair Housing Act Claim

In 1968, Congress promulgated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., to prohibit discrimination on the basis of race, color, religion, or national origin. In 1988, Congress enacted the Fair Housing Amendments Act (the "FHAA") amending the Fair Housing Act to proscribe "familial status" discrimination. "Familial status" is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with ... a parent or another person having legal custody of such individual or individuals." 42 U.S.C. § 3602(k)(1). Under the Fair Housing Act, it is unlawful:

> (b) To discriminate against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of ... familial status....
>
> (c) To make, print, or publish, or cause to be made, printed, or published by any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on ... familial status ... or on intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604; *see also* 24 C.F.R. § 100.65.

///

Section 3617 provides:

> It shall be unlawful to coerce, intimidate, threaten, retaliate, or interfere with any person in the exercise or enjoyment of, or on account of his

having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.

The Title VII framework for proving discrimination applies to Fair Housing Act claims. *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). A claim of discrimination under the Fair Housing Act may rest on a theory of disparate treatment or disparate impact. *Id*. at 304-05.

### A.    42 U.S.C. § 3604(b) & (c)

Plaintiffs allege that Defendants discriminated against them on the basis of familial status, in violation of 42 U.S.C. § 3604(b) and (c), under both disparate treatment and disparate impact theories.[1] (ECF No. 9 at 13).

#### 1.    No Playing Rule

The No Playing Rule states, "No playing with balls, bicycles, roller blades and other toys on the property." (ECF No. 1 ¶ 13). Defendants contend that the No Playing Rule is "... a facially neutral policy, applicable to all tenants regardless of age...." (ECF No. 8-1 at 13). Plaintiffs contend that although the No Playing Rule is facially neutral, it violates the Fair Housing Act under a disparate impact theory because "it can be inferred that [it] has a significantly adverse impact upon children, for children routinely play with balls, bicycles, roller blades, and other toys in the common areas of any apartment complex." (ECF No. 9 at 17).

To state a prima facie case of disparate impact discrimination, the plaintiff must show facts giving rise to a reasonable inference that the defendant engaged in facially neutral practices that had a significantly adverse or disproportionate impact on a protected class. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1118 (9th Cir. 2008) (citing *Pfaff v. U.S. Dep't of Housing and Urban Dev.*, 88 F.3d 739, 746 (9th Cir.

---

[1] The Complaint also alleges that Defendants violated the Fair Housing Act by created a hostile living environment. (ECF No. 1 ¶ 11). Defendants' Motion to Dismiss does not address this theory, and the Court does not make any finding as to Plaintiffs' hostile living environment claim.

1996)). No showing of discriminatory intent is necessary. *Pfaff*, 88 F. 3d at 745-46 & n.2.

Plaintiffs have alleged five incidents involving the No Playing Rule. (ECF No. 1 ¶¶ 14, 15, 16, 17, 18). These incidents took place "[i]n or around November 2006," "[i]n or around 2008," "[i]n or around 2011," "[o]n or about March 28, 2013," and "[o]n or about May 21, 2013." *Id*. All five alleged incidents involve Plaintiff T.S. playing outside in the common areas of the apartment complex until he was told by management that he was not permitted to do so. These allegations do not give rise to a reasonable inference that the No Playing Rule had "a disproportionately adverse impact on a protected class." *Budnick*, 518 F.3d at 1118. The allegations of the Complaint establish that Defendants enforced a facially neutral policy that was applicable to all tenants regardless of age. In order to find that the Complaint adequately states a disparate impact § 3604(b) and (c) claim, the Court would have to infer from the facts alleged that children are more likely than adults to play ball, ride bicycles, and roller blade. The Complaint provides no facts to support this inference. *See Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1244 (E.D. Cal. 2009) (denying plaintiff's motion for summary judgment in part because plaintiff failed to establish a prima facie case of familial status discrimination as to a facially neutral policy prohibiting bicycle riding, skateboarding, rollerblading, and skating in apartment common areas); *Smith v. Moss Garden Apartments, L.P.*, No. 12-cv-2568, 2013 WL 4026814, at *1-2 (dismissing a familial status discrimination complaint in part for failing to allege that individuals over 18 years of age, unlike children, were permitted to play with balls, toys, or bicycles in the apartment common area). As alleged, the facts of the Complaint do not state a disparate impact claim pursuant to § 3604 (b) and (c) that the No Playing Rule is discriminatory based on familial status.

///

2. <u>Adult Supervision Rule</u>

Defendants contend that "it is facially unclear whether Plaintiffs claim that [the

1  Adult Supervision Rule] is also discriminatory...." (ECF No. 8-1 at 14). Defendants
2  further contend that the Adult Supervision Rule is not discriminatory, "[i]t is simply a
3  written manifestation of the common sense notion that parents are responsible for
4  supervising their children." *Id*. at 15.  Plaintiffs contend that the Adult Supervision
5  Rule violates the Fair Housing Act under a disparate treatment theory because it "treats
6  children, and thus, families with children, differently and less favorably than adults-only
7  households." (ECF No. 9 at 16).

8        To state a prima facie case of discrimination under a theory of disparate
9  treatment, the plaintiff must establish, "(1) plaintiff's rights are protected under the [Fair
10 Housing Act]; and (2) as a result of the defendant's discriminatory conduct, plaintiff has
11 suffered a distinct and palpable injury." *Gamble*, 104 F.3d 300, 304 (9th Cir. 1997); *see*
12 *also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). Other courts in this
13 circuit have found that "outright prohibitions on children's use of facilities like a
14 billiards room and shuffleboard facility were not justified, and that rules requiring adult
15 supervision of all children (up to age 18) at all times were not justified," because such
16 prohibitions were not the least restrictive means for accomplishing the purpose of the
17 rules. *Fair Housing Congress v. Weber*, 993 F. Supp. 1286, 1292-93 (C.D. Cal. 1997)
18 (citing *U.S. v. Westland Co.*, CV 93-4141, Fair Housing-Fair Lending ¶ 15,941 (HUD
19 ALJ 1994)). By contrast, rules requiring adult supervision of very young children
20 during specified activities such as swimming and riding bicycles have been held to be
21 justified. *Id*.

22       In this case, the Adult Supervision Rule states: "All kids must be supervised by
23 an adult who will be made responsible of any damage done by the kids to the building,
24 such as destroying the plants, etc." (ECF No. 1 ¶ 13). The Complaint alleges one
25 incident in which Plaintiff T.S. was outside in the common area of the apartment
26 complex with a five-year-old neighbor, and the apartment manager "asked them where
27 their parents were, told them they could not be outside playing, and then made them go
28 inside." (ECF No. 1 ¶ 18). As alleged, the Adult Supervision Rule requires that

children must be supervised by an adult when using any apartment facility. The Adult Supervision Rule is the type of restriction that has been found to be overly broad. *See Intermountain Fair Housing Council v. Orchards at Fairview Condominium Assoc., Inc.*, No. 1:09-cv-522-CWD, 2011 WL 162401, at *9-10 (D. Idaho, Jan. 18, 2011) (holding that condominium guidelines prohibiting unaccompanied children from using the pool and community center are discriminatory on the basis of "familial status"); *Pack,* 689 F. Supp. 2d at 1246 (holding that apartment rules prohibiting children under 18 from using the community clubhouse without an adult and requiring children under 14 to be supervised by a parent or legal guardian to use the swimming pool are discriminatory on the basis of "familial status"); *Llanos v. Estate of Coehlo*, 24 F. Supp. 2d 1052, 1061-62 (E.D. Cal. 1998) (holding rule restricting children under 18 from using adult pools was "overly broad, 'paternalistic,' and unduly restrictive").

The Court finds that the Complaint states a claim for discrimination pursuant to § 3604 (b) and (c) under a disparate treatment theory that the Adult Supervision Rule is discriminatory based on familial status.

### B.     42 U.S.C. § 3617

A claim for relief under § 3617 requires proof of three elements: (1) that the plaintiff was engaged in activity protected by the Fair Housing Act; (2) that a causal connection existed between the protected activity and the adverse action; and (3) damage to the plaintiff. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

Defendants contend that Plaintiffs' § 3617 claim fails because "none of Defendants' conduct was discriminatory in any way." (ECF No. 8-1 at 16). Defendants also contend that the Complaint fails to allege a protected activity, an adverse action, or a causal link between the two. *Id.* at 16-18.

The Complaint alleges that "Defendants have injured Plaintiffs in violation of the Fair Housing Act by committing the following discriminatory practices: ... coercing, intimidating, threatening, retaliating, or interfering with persons in their exercise or

enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. § 3617." (ECF No. 1 at 7-8). In their Opposition, Plaintiffs contend that "when [P]laintiff T.S. attempted to play outside, [D]efendants unlawfully interfered with his enjoyment of the 'facilities associated with a dwelling ... because of familial status." (ECF No. 9 at 20-21). Plaintiffs also contend that they have suffered emotional distress as a result of Defendants' actions.

The Complaint alleges an unlawful interference with Plaintiff T.S.'s right to be in the common areas of the apartment complex without adult supervision. The Complaint also alleges damages as a result of Defendants' actions. The Court finds that the Complaint plausibly alleges all of the elements of a claim for relief under § 3617.

### III.    State Law Claims

Defendants contend that "Plaintiffs' second cause of action for violation of the California Fair Employment and Housing Act, third cause of action for violation of the California Unruh Civil Rights Act, fourth cause of action for violation of the California Business & Professions Code, and fifth cause of action for negligence are state law claims that depend upon the existence of a live federal claim for supplemental jurisdiction." (ECF No. 8-1 at 19). Defendants contend that Plaintiffs' state law claims fail because "Plaintiffs' sole federal cause of action for violation of the [Fair Housing Act] fails to state a claim upon which relief may be granted." (ECF No. 8-1 at 19).

The Court has found that the Complaint states a disparate treatment claim for violation of the Fair Housing Act based on familial status. Accordingly, the Complaint sufficiently alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiffs' federal claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367

for Plaintiff's state law claims.[2]

## CONCLUSION

The Motion to Dismiss for Failure to State a Claim filed by Defendants is GRANTED in part and DENIED in part. (ECF No. 8). The Complaint fails to state a claim for discrimination based on familial status in violation of 42 U.S.C. § 3604(b) and (c) under a theory of disparate treatment. In all other respects, the Motion to Dismiss is denied.

DATED: February 14, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[2] The Court is not making any ruling as to whether the single violation of the Adult Supervision Rule alleged in the Complaint states a claim under any of Plaintiffs' state law claims.