UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olaudah Dumas, et al.,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>Sunview Properties, et al.,<br><br>                                    Defendants. | Case No.:  13cv1425-WQH (JLB)<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION OF PLAINTIFFS TO APPROVE COMPROMISE OF MINOR'S CLAIMS**<br><br>[ECF No. 29] |

Presently before the Court is the unopposed Motion of Plaintiffs to Approve Compromise of Minor's Claims.  (ECF No. 29.)  After a thorough review of the pleadings and supporting documents (ECF Nos. 1, 29, 35, 37, 40) this Court hereby recommends that the Motion be GRANTED.

## I.       BACKGROUND

Plaintiffs are Olaudah Dumas and T.S., a minor, appearing by and through his mother and guardian ad litem, Olaudah Dumas.  (ECF No. 29-1.)  Plaintiffs allege in the Complaint (ECF No. 1) that Defendants, owners and managers of the Sunview Apartments in San Diego, violated the federal Fair Housing Act and

1

related state laws by discriminating on the basis of familial status in the operation of the Sunview Apartments.

Plaintiffs allege in the Complaint that on or about August 15, 2006, Plaintiff Olaudah Dumas entered into a lease with Defendants and was provided a copy of the rules and regulations for the property known as "House Rules." (ECF No. 1, ¶12.) Plaintiffs allege that there are two provisions in the House Rules that discriminate against them based on their familial status. The first states that "[a]ll kids must be supervised by an adult who will be made responsible [for] any damage done by the kids to the building, such as destroying plants etc.," and the second provides "[n]o playing with balls, bicycles, roller blades and other toys on the property." (*Id.*, ¶13.) Plaintiffs allege that these House Rules were enforced on five occasions from 2006 through 2013.

Plaintiffs allege that Plaintiff T.S. suffered emotional distress and violation of his civil rights. However, he did not require any medical or psychiatric treatment for the injuries he sustained as a result of the alleged discrimination. Plaintiffs do not claim that Plaintiff T.S.'s injuries are permanent. The record supports Plaintiffs' position that Plaintiff T.S. is a normal, young man.

The parties participated in a voluntary private mediation, which resulted in a confidential settlement agreement resolving the claims in this case. (ECF Nos. 29-1 at 1 and 29-3.) Accordingly, on October 15, 2014, Plaintiffs filed a Notice of

Settlement in this case.  (ECF No. 26.)  Then, on November 3, 2014, Plaintiffs filed the instant Motion of Plaintiffs to Approve Compromise of Minor's Claims. (ECF No. 29.)  The distribution of proceeds and the terms of engagement are set forth in the Amended Supplement to Plaintiffs' Motion to Approve Compromise of Minor's Claims (ECF No. 40) as well as in Plaintiffs' Proposed Order (ECF No. 29-9).  The Court confirmed the terms of the distribution of proceeds on the record at the hearing held on January 26, 2015.  (ECF No. 45.)

In evaluating the instant Motion, the Court ordered supplemental briefing and held hearings on January 8, 2015, and January 26, 2015.  (ECF Nos. 33, 43, 45.)  At the hearings, attorney Stuart E. Fagan appeared on behalf of Plaintiffs, and attorney Elizabeth A. James appeared on behalf of Defendants.  Plaintiffs Olaudah Dumas and Minor T.S., and Defendant William R. Turpin were present for the January 26, 2015 hearing.

## II.   APPLICABLE LAW

This Court's Local Rule 17.1 addresses settlements for minors and provides in pertinent part:

> (a) Order or Judgment Required. No action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment.  All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue.  The parties may, with district judge approval, consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

3

1    CivLR 17.1(a).

2         "District courts have a special duty, derived from Federal Rule of Civil

3    Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux*

4    *v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in

5    relevant part, that a district court 'must appoint a guardian ad litem—or issue

6    another appropriate order—to protect a minor or incompetent person who is

7    unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of

8    proposed settlements in suits involving minor plaintiffs, this special duty requires a

9    district court to 'conduct its own inquiry to determine whether the settlement

10   serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573

11   F.2d 1075, 1080 (9th Cir.1978)).

12        As the Ninth Circuit has recently made clear, in cases involving the

13   settlement of a minor's federal claims, district courts should "limit the scope of

14   their review to the question whether the net amount distributed to each minor

15   plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the

16   minor's specific claim, and recovery in similar cases," and should "evaluate the

17   fairness of each minor plaintiff's net recovery without regard to the proportion of

18   the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—

19   whose interests the district court has no special duty to safeguard." *Id*. at 1181–82

20   (citing *Dacanay*, 573 F.2d at 1078).

4

### III.   DISCUSSION

Minor T.S., through his guardian ad litem, has agreed to settle his claims against Defendant.  According to the terms of the settlement, Defendants will pay a total sum of $35,750 to Plaintiffs' counsel, inclusive of damages, attorney's fees and costs.  (ECF No. 40.)  From that sum, the gross amount of proceeds of settlement for Plaintiff T.S. is $10,000.  (*Id.*)

Under the terms of the settlement, Plaintiffs' counsel shall deposit Plaintiff T.S.'s proceeds into an FDIC- or NCUA-insured account held in Minor T.S.'s name.  The depository institute may be selected by the Guardian Ad Litem, Olaudah Dumas.  Said account shall be blocked, so that no withdrawal of principal or interest can be made prior to said minor reaching the age of 18, unless a written order is obtained from this Court.  The money on deposit is not subject to escheat. Upon the minor's attaining the age of 18, his account shall be unblocked without further order of this Court.  Claimant T.S. is currently 14 years old and will reach the age of majority on October 23, 2018.  Plaintiffs' counsel shall provide the minor's bank or credit union with a copy of an Order adopting this Court's Report and Recommendation, and shall, within 30 days, file with the Court a declaration verifying the opening of said blocked accounts.  Bond is waived.

With respect to attorneys' costs and fees, Plaintiffs' counsel advanced all of the expenses in the case.  (ECF No. 40-1.)  He incurred $1,001.64 of costs and

billed 78.9 hours of attorney time prior to settling the case.  (ECF No. 40-1.)
Plaintiffs' counsel will receive $25,750 by way of settlement for his attorney's fees
and costs, all of which he advanced.  (*Id.*)

After considering the facts of this case, Minor T.S.'s specific claims, the
terms of the settlement, as well as recoveries in similar cases, the Court finds the
settlement to be in the best interest of all the parties and the amount of money
Minor T.S. will receive to be fair and reasonable.  Additionally, the Court notes
that this settlement was negotiated during a voluntary private mediation session.

## IV.    CONCLUSION

Based upon the foregoing, this Court recommends that the unopposed Motion
of Plaintiffs to Approve Compromise of Minor's Claims (ECF No. 29) be
GRANTED.

IT IS SO ORDERED.

Dated:  January 29, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

13cv1425-WQH (JLB)